IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VENEGAS RIVERA, | : | Civil Action No. 1:07-CV-0479 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MARK KRYSEVIC, SUPT. SCI CRESSON, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

On March 14, 2007, Petitioner, an inmate presently confined at the State Correctional Institution at Cresson, Cresson, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  (Doc. No. 1.)  Therein, he attacks an involuntary manslaughter conviction imposed by the Court of Common Pleas of Susquehanna County.  An answer to the petition, brief in support of the answer, and exhibits were filed on August 10, 2007.  (Doc. Nos. 11, 12, 14.)  Petitioner filed a traverse on August 27, 2007.  (Doc. No. 15.)  Upon careful consideration of the parties' submissions, and for the reasons discussed below, the Court concludes that the petition is subject to dismissal because it is not timely filed.  See 28 U.S.C. § 2244(d).

## I.    BACKGROUND

Petitioner is currently serving a sentence of four to ten years for involuntary manslaughter that was imposed by the Court of Common Pleas of Susquehanna County on

---

[1] In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petitions, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act.  On June 14, 2007, he returned the executed notice of election indicating that he would like the petition ruled on as filed.  (Doc. No. 8.)

January 20, 2000.  (Doc. No. 14-3, at 24.)  No direct appeal was taken from the judgment of sentence.

On January 19, 2001, he filed a timely petition for post-conviction collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.  The petition was amended on January 25, 2001 (Id. at 59.)  On August 19, 2002, the petition was denied.  (Doc. No. 14-4, at 26.)  A timely appeal to the Superior Court of Pennsylvania followed.  The Superior Court affirmed the denial of PCRA relief on September 29, 2003.  (Id. at 80.)  He failed to petition the Supreme Court of Pennsylvania for allowance of appeal.

More than two years later, on December 27, 2005, he filed a second PCRA.  (Id. at 90.)  On February 7, 2006, the lower court granted the petition to the extent that Petitioner's rights to file for an allowance of appeal to the Supreme Court of Pennsylvania were reinstated.  (Doc. No. 14-5, at 71.)   The petition for allowance of appeal was denied on July 13, 2006.  (Id. at 83.)

## II. DISCUSSION

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d) (1).  A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

>limitation period shall run from the latest of-
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Following his January 10, 2000 conviction for involuntary manslaughter, Petitioner was convicted and sentenced on January 20, 2000. He failed to pursue a direct appeal. Consequently, his conviction became final on February 19, 2000, when his time to appeal expired, and the one-year period for the statute of limitations commenced running as of that date. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the statute was tolled on January 19, 2001, when Petitioner filed his first PCRA petition. The statute of limitations had run, however, from February 19, 2000, until January 19, 2001, meaning that approximately 335 days[2] of the one-year

---

[2] The number of days was arrived at by adding the following: February 2000 - 10 days (2000 was a Leap year); March 2000 - 31 days; April 2000- 30 days; May 2000 - 31 days; June 2000

statute of limitations had elapsed prior to Petitioner's first PCRA filing.

Petitioner argues that "all the time from his timely filing of his PCRA on 1/19/01 to the denial of his petition for allowance of appeal on 7/13/06 should be tolled" (Doc. No 15, at 2); however, the Court finds that the statute only remained tolled until October 29, 2003, when his time for seeking allowance of appeal in the Pennsylvania Supreme Court expired. See Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000); see also, PA. R. APP. P. 1113(a) (a petition for allowance of appeal must be filed within thirty days of the entry of the order of the Superior Court sought to be reviewed). As stated above, prior to the filing of his first PCRA, 335 days of the one-year statute of limitations had expired (365 days less the 335 days that elapsed after his sentence and conviction were final, but before his first PCRA petition was filed), meaning that Petitioner had approximately thirty days, or until the end of November 2003, to submit a timely § 2254 petition. He took no further action, either in federal or state court, until December 27, 2005, when he filed his second PCRA. The petition is therefore untimely.

Notably, the filing of his second PCRA did not toll the statute because the statute had expired more than two years prior to the filing of the petition. In order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the limitations period runs out. Otherwise, there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

Further, unfortunately, the reinstatement of his appeal rights did not toll the statute. An out-of-time appeal does not operate to revive the time during which a state collateral petition was

---

- 30 days; July 2000 - 31 days; August 2000 - 31 days; September 2000 - 30 days; October 2000 - 31 days; November 2000 - 30 days; December 2000 - 31 days; January 2001 - 19 days.

pending before the state court. See Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001) (holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision); Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (concluding that a state court's decision to grant leave to appeal out of time does not erase the time period during which nothing was pending before a state court); Fernandez v. Sternes, 227 F.3d 977, 981 (7th Cir. 2000) (holding that while a state process may permit review after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim"). As noted above, he had approximately thirty days, or until the end of November 2003, to submit a timely § 2254 petition. His federal petition was filed on March 14, 2007, well after the expiration of the statute of limitations.

However, even if the Court were to accept Petitioner's argument that the statute remained tolled from the initial filing of his first PCRA petition on January 19, 2001, until the petition for allowance of appeal was denied on July 13, 2006, the petition would still be untimely. The conclusion of state post-conviction review does not reset the limitations period, but merely recommences that portion of the period which did not expire prior to the proceedings for post-conviction relief. See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (finding that tolling provision excludes time during which a properly filed state post-conviction is pending but does not reset the date from which the one-year limitations period begins to run). Petitioner had approximately thirty days remaining, or until the early mid-August 2006, to submit a timely § 2254 petition.[3] The instant

---

[3]"[T]he ninety-day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his post-conviction petition does not

petition was not filed until March 14, 2007.  Accordingly, Petitioner's § 2254 petition is barred by the applicable one-year statute of limitations and must be denied.

### B.     Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not sufficient. Id.; Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Nor is attorney error.  See Lawrence v. Florida, --- U.S. ---- 127 S.Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); see also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation,

---

toll the one year limitation period set forth at 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Phila., 247 F.3d 539, 543 (3d Cir. 2001); see also, Miller v. Dragovich, 311 F.3d 574, 580 (3d Cir. 2002) (upholding Stokes, 247 F.3d 539, and extending holding to cases in which a petition for writ of certiorari is actually filed).

inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

The Court does not find extraordinary circumstances in this case which prevented Petitioner from filing a timely habeas petition.  He has not been actively misled by the state, he has not been prevented from asserting his rights, he did not timely assert his rights in the wrong forum and he was never misled by the state courts regarding the steps he needed to take to preserve his claims.

Moreover, he did not exercise reasonable diligence in bringing his petition.  He fails to explain why he did not seek direct review of his judgment of conviction and sentence.  He also neglects to provide an explanation as to why he waited until the one-year limitation period had almost completely expired prior to filing his first PCRA petition.  He received timely notice of

the September 29, 2003 order of the Superior Court affirming the denial of PCRA relief and expected counsel to file a petition for allowance of appeal to the Pennsylvania Supreme Court, but did not inquire into the status of the appeal until almost one year later. (Doc. 15, at 2.) He represents that, upon inquiry, he was notified on or about September 9, 2004, *via* a docket sheet sent from the Prothonotary's Office, that no appeal was filed. He then waited another eight months and, instead of attempting to remedy the issue of the timeliness of his appeal by further pursing state court remedies, he chose to file a formal complaint on May 4, 2005, against his attorney with the Supreme Court Disciplinary Board. (Id.) In fact, he did not attempt to remedy the situation until December 27, 2005, when he filed his second PCRA. He fails to show sufficient reason for the delay from September 29, 2003 (the date of the Superior Court's opinion affirming the denial of his PCRA petition) to December 27, 2005 (the filing date of his second PCRA in which he attempted to revive his first PCRA petition) in pursuing his rights. Thus, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III.   CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order will follow.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VENEGAS RIVERA,** | : | Civil Action No. 1:07-CV-0479 |
| **Petitioner,** | : | |
| | : | (Chief Judge Kane) |
| **v.** | : | |
| | : | |
| **MARK KRYSEVIC, SUPT. SCI CRESSON,** | : | |
| | : | |
| **Respondent** | : | |

## ORDER

**AND NOW**, this 24th day of June 2008, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. The Clerk of Court is directed to **CLOSE** the case file.

3. A certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c).


       S/ Yvette Kane
       Yvette Kane, Chief Judge
       United States District Court
       Middle District of Pennsylvania